## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | |
|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.:4:08cv00047 JCH |
| MOSLEY CONSTRUCTION, INC., et al | ) ) ) |
| Defendants. | ) |

## CONSENT JUDGMENT AND ORDER

Pursuant to the agreement of the Parties United States Fidelity & Guaranty Company (hereinafter "Plaintiff") and Kem Mosley and Karen Mosley (hereinafter collectively referred to as "Defendants"), the Court hereby enters the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Kem Mosley has or had a financial interest in Mosley Construction, Inc. either as a stockholder, or as a director, or officer, or employee or other agent of Mosley Construction or as a spouse or family of such stockholder, director, officer, employee or agent of Mosley Construction.

2. Kem Mosley was the President and CEO of Mosley Construction, Inc. at all times relevant to the facts and allegations contained in Plaintiff's First Amended Complaint.

3. In 1992, and from time to time thereafter, Mosley Construction applied to Plaintiff for the issuance and execution of certain surety bonds.

4. As part of the consideration for the issuance and execution of the aforesaid bonds, Kem G. Mosley as President, and Kem G. Mosley and Karen D. Mosley as individuals executed on or about June 4, 1992 a Master Surety Agreement (hereinafter "Agreement").

5. Pursuant to the aforesaid Agreement, Defendant agreed in part as follows:

1. (A) This AGREEMENT binds UNDERSIGNED and the heirs, personal representatives successors and assigns thereof, jointly and severally, to SURETY in connection with all BOND(S) heretofore or hereafter executed, provided or procured by SURETY in behalf of PRINCIPAL in any penal sum and in favor of any obligee(s):

(B) this AGREEMENT inures to the benefit of any cosurety or reinsurer of SURETY on said BOND(S).

III. (A) UNDERSIGNED shall exonerate, indemnify and keep indemnified SURETY from and against any and all liabilities, losses and expenses of whatsoever kind or nature (including but not limited to, interest, court costs and counsel fees) imposed upon, sustained, or incurred by SURETY by reason of: (1) SURETY having executed, provided or procured BONDS(S) in behalf of PRINCIPAL, or (2) UNDERSIGNED'S failure to perform or comply with any of the provisions of this AGREEMENT:

(B) in order to exonerate or indemnify SURETY, UNDERSIGNED shall upon demand of SURETY, place SURETY in funds before SURETY makes any payment, such funds shall be, at SURETY'S option, money or property, or liens or security interests in property. (The amount of such money or property or the value of the property to become subject to liens or security interests, shall be determined by SURETY).

IV. (A) The liability of UNDERSIGNED hereunder shall extend to and include all amounts paid by SURETY in good faith under the belief that: (1) SURETY was or might be liable therefore: (2) such payments were necessary or advisable to protect any of SURETY'S rights or to avoid or lessen SURETY'S liability or alleged liability:

(B) the liability of UNDERSIGNED to SURETY shall include interest from date of SURETY'S payments at the maximum rate permitted in the jurisdiction in which this AGREEMENT is enforced, or is enforceable:

(C) the voucher(s) or other evidence of such payment(s) or an itemized statement of payment(s) sworn to by an officer of SURETY shall be prima facie evidence of the fact and extent of the liability of UNDERSIGNED to SURETY.

V. (C) in the event SURETY should file suit at law or in equity to enforce the terms of this AGREEMENT, SURETY shall be entitled to recover its own attorney's fees and expenses in connection with such suit.

2

6. On October 14, 1999, Mosley Construction entered into a prime contract for construction with the Board of Education of the City of St. Louis (hereinafter "Board of Education)", for the renovation of an existing structure known as the Madison School Project ("the Project").

7. Mosley Construction obtained Performance and Payment Bond 12-0120-39105-99-1 (hereinafter "Bond") from Plaintiff to secure its performance of the Project contract and the payment of all obligations incurred for labor and material furnished by subcontractors, laborers, material suppliers and vendors for use and consumption or incorporation into the Project.

8. Mosley Construction executed such bond as principal.

9. On November 1, 1999, Mosley Construction entered into two Subcontract Agreements (hereinafter "Subcontract Agreements") with Lighting & Power Services, Inc. (hereinafter "LAPS") for the performance of electrical modifications to the Project.

10. During the course of LAPS' work under the Subcontract Agreements, certain disputes arose between Mosley Construction and LAPS.

11. LAPS filed a claim against Mosley Construction and Plaintiff in connection with those disputes.

12. On August 6, 2001, USF&G received a Notice of Claim from LAPS claiming Mosley Construction as principal, and USF&G as surety, owed LAPS $229,130.09, plus interest from October 30, 2000 at the rate of $59.94 per diem.

13. After an investigation of the claims asserted by LAPS and the defenses of Mosley Construction, USF&G tendered the defense of the claims to Mosley pursuant to the terms of the Master Surety Agreement.

14. The dispute was referred to arbitration and following a lengthy discovery process, arbitration commenced on December 18, 2003, in the City of St. Louis and concluded on December 19, 2003 during which time the parties had the opportunity to fully present their respective positions.

15. On January 13, 2004, the Arbitrator issued his Award of Arbitrator wherein he made award to LAPS in part as follows:

> "The arbitrator therefore awards LAPS the sum of One Hundred Fifty Eight Thousand ($158,000) Dollars and extends its subcontract completion date to November 15, 2000.
>
> The administrative fees and expenses of the AAA totaling $3,750 and the arbitrator compensation and expenses totaling $3,400 shall be borne 75% to Mosley and 25% to LAPS. Therefore, Mosley Construction, Inc. and United States Fidelity & Guaranty Co. ("Mosley") shall pay to Lighting & Power Services, Inc. ("LAPS") the sum of $562.50 for its share of fees and expenses previously paid to the Association.
>
> This Award is in full settlement of all claims submitted to this Arbitration and all claims not expressly granted herein are hereby denied.
>
> The above sums are to be paid on or before sixty (60) days from the date of this Award."

16. On March 8, 2004, LAPS made written demand upon Mosley Construction for the amount of the Award of Arbitrator.

17. On March 15, 2004, LAPS made written demand upon USF&G for the amount of the Award.

18. Mosley Construction failed to file a Motion to Vacate, Modify, Correct or Clarify the Award of Arbitrator within 3 months of the date of the Award, thereby waiving any defenses that may have been asserted in a timely motion.

4

19. On April 13, 2004 and April 15, 2009, LAPS made written demand upon Plaintiff for immediate payment in keeping with the Award of Arbitrator. LAPS threatened to seek additional damages against Plaintiff if it failed and refused to pay the Award.

20. On April 16, 2004, Plaintiff sent an email to Kem G. Mosley advising that because Mosley had not contested the Award or notified that Mosley intended on paying the Award, Plaintiff had no choice but to pay the Award.

21. Accordingly, on April 20, 2004, USF&G issued a check in the amount of One Hundred Sixty One Thousand, Eight Hundred and Eighty Four Dollars and Sixty One Cents ($161,884.81) (the amount of the Award and expenses claimed by LAPS) in exchange for a Receipt, Release and Assignment (hereinafter "Release").

22. The Defendants had a duty to indemnify Plaintiff under the common law, in equity, and according to the terms of the Master Surety Agreement.

23. On April 19, 2004, USF&G made written demand upon Defendants for full indemnification pursuant to the Master Surety Agreement.

24. On November 14, 2006, USF&G made another formal demand upon Defendants for full indemnification pursuant to the Master Surety Agreement.

25. On October 10, 2007, USF&G made one last attempt to recover the funds paid out ($161,884.81) when its counsel sent a letter to Defendants demanding full repayment pursuant to the Master Surety Agreement.

26. Plaintiff has demanded that the Defendants indemnify it, and that they provide funds or other suitable collateral to hold it harmless for its losses, costs, expenses, and liabilities.

27. Defendants have not reimbursed Plaintiff for the expenditure of $161.884.81 made by it under the Bond for the Project and for its expenses and attorneys' fees incurred to date.

28. Defendants' failure to reimburse and indemnify the Plaintiff constitutes a breach of the Master Surety Agreement and their duty to Plaintiff under the common law, in equity and according to the terms of the Master Surety Agreement.

29. As a direct and proximate result of Defendants' breach of their obligations of the Master Surety Agreement, Plaintiff has been damaged and continues to accrue attorney's fees, costs, litigation expenses, the loss of use of its funds, and other charges.

30. Plaintiff is entitled to payment of ten percent (10%) interest per annum upon expenditures made by it from the time of each such expenditure pursuant to RSMo §433.050.

31. Defendant is indebted to Plaintiff in the sum of $161,884.81, plus all other future expenditures and outlays made by it in connection with issuing the Bond, including its attorney's fees, costs, interest, fees, expenses and interest.

32. As of July 1, 2009, USF&G has incurred $9,119.06 in attorneys' fees and expenses.

33. To date, USF&G has suffered losses totaling $171,003.87 as a result of Defendants' failure to indemnify it.

## FINAL JUDGMENT AND ORDER GRANTING INDEMNITY AND OTHER LEGAL AND EQUITABLE RELIEF

Accordingly, it is hereby ORDERED AND ADJUDGED that:

1. The Court HEREBY ENTERS JUDGMENT in favor of Plaintiff and against Defendants Kem Mosley and Karen Mosley, joint and severally, in the amount of $171,003.87.

2. Defendants Kem Mosley and Karen Mosley shall provide to Plaintiff a full and complete financial statement disclosing all assets, jointly or individually owned on or before October 20, 2009.

3. In addition, Defendants Kem Mosley and Karen Mosley shall allow Plaintiff full and complete access to all financial books, records and accounts maintained by each of them upon reasonable notice while this judgment remains unsatisfied.

4. Defendants are hereby enjoined and restrained from selling, transferring, disposing or liening their assets and property without express written consent of Plaintiff other than a refinance or extension of existing obligations.

5. Plaintiff is hereby granted a lien upon all real estate owned by Defendants or in which any such Defendant has an interest effective October 9, 2009. It is further ordered that such lien shall remain in effect unless and until this Judgment is satisfied or until further order of this Court or any Court with jurisdiction to order otherwise.

6. Interest on the amount of this Judgment shall accrue at a rate of 10% per annum.

7. Plaintiff agrees to stay execution of this Judgment for six (6) months from the date of this Judgment.

8. This Court retains jurisdiction herein to enter such other and further orders as may be necessary to ensure compliance with this Order or the previous Orders of this Court herein.

9. This judgment is final as to Defendants Kem Mosley and Karen Mosley.

SO ORDERED this 6th day of August, 2009

_Jean C. Hamilton_
Honorable Jean C. Hamilton
UNITED STATES DISTRICT JUDGE